On petitioners' petition for reconsideration filed January 12, reconsideration allowed; former opinion (247 Or App 402, 270 P3d 343 (2011)) clarified and adhered to as clarified March 14, petition for review denied June 28, 2012 (352 Or 170)

In the Matter of the Compensation of
Floyd A. Owens, Claimant.

SAIF CORPORATION
and Swanson Group Mfg LLG,
*Petitioners,*

*v.*

Floyd A. OWENS,
*Respondent.*

Workers' Compensation Board
0807105; A145552

273 P3d 376

Julie Masters, Appellate Counsel, for petition.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

In our original opinion in this case, we held that, in applying the "preponderance of the medical evidence" standard of ORS 656.726(4)(f)(B) to determine a claimant's impairment rating, "the entire universe of medical evidence that may be considered consists of the medical arbiter's report, * * * the opinion of the attending physician, * * * and any physicians' report in which the attending physician concurs." *SAIF v. Owens*, 247 Or App 402, 409, 270 P3d 343 (2011). We explicitly rejected SAIF's contention that the pertinent statutes merely limit the physicians who may provide impairment findings, but do not otherwise limit the medical evidence that may be considered in determining a claimant's impairment. SAIF contends that we were wrong in so narrowing the scope of the record that may be considered for purposes of rating impairment and that, even if other physicians' findings of impairment may not be considered, other physicians' opinions may be considered in evaluating the findings of those who are authorized by statute to make findings. SAIF has not presented any argument in its petition that leads us to conclude that we were incorrect in our conclusion that no additional medical evidence may be considered, even if only for the purpose of evaluating the attending physician's findings of impairment.

SAIF also contends that our original opinion failed to make clear that our holding related only to the evidence *that may be considered* for purposes of rating impairment and erroneously suggested that additional evidence should not be a part of the record. *See* 247 Or App at 407. SAIF is correct. Our opinion relates only to the extent to which other medical evidence may be considered for purposes of rating impairment and should not be understood to require exclusion of any evidence from the record.

Reconsideration allowed; former opinion clarified and adhered to as clarified.