Submitted December 22, 2015, affirmed January 21, 2016

In the Matter of the Compensation of
Paula Magana-Marquez, Claimant.

Paula MAGANA-MARQUEZ,
*Petitioner,*

*v.*

SAIF CORPORATION
and Diamond Fruit Growers,
*Respondents.*

Workers' Compensation Board
1305471; A157620

366 P3d 764

James W. Moller filed the brief for petitioner.

Julie Masters filed the brief for respondents.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

## LAGESEN, J.

Claimant petitions for review of an order of the Workers' Compensation Board. In that order, the board found that claimant's workplace injury to her lower back did not cause any permanent impairment to claimant and, on the basis of that finding, denied claimant an award of permanent partial disability benefits under ORS 656.214.[1] On review, claimant does not contest the board's factual finding that the injury to her lower back did not cause any permanent impairment to her and, in particular, its factual finding that the workplace back injury was not a cause of claimant's reduced range of lumbar motion or of her sensory loss. Notwithstanding that factual finding, she relies on the Supreme Court's opinion in *Schleiss v. SAIF*, 354 Or 637, 317 P3d 244 (2013), to assert that she is entitled to an award of permanent partial disability benefits for that reduction in range of motion and sensory loss as a matter of law, even if her workplace injury did not cause those claimed impairments. We conclude, as did the board, that *Schleiss* does not stand for the proposition that a claimant is entitled to an award of permanent partial disability for an impairment that, as a factual matter, has no causal connection to the claimant's compensable workplace injury. Accordingly, we affirm.

Neither party challenges the board's factual findings. Those findings therefore provide the facts for the purposes of our review, and we draw our statement of the facts from them. *Federal Express Corp. v. Estrada,* 275 Or App 400, 401, 364 P3d 25 (2015).

Claimant strained her lower back at work, and SAIF accepted a lumbar strain as a result of that compensable workplace injury. Claimant sought treatment for her strained back, first in the emergency room and later with

---

[1] Under ORS 656.214(2), a claimant is entitled to an award of permanent partial disability benefits "[w]hen permanent partial disability results from a compensable injury or occupational disease[.]" The statute defines "permanent partial disability," in relevant part, as "[p]ermanent impairment resulting from the compensable industrial injury or occupational disease[.]" ORS 656.214(1)(c)(A). It defines "impairment" as "the loss of use or function of a body part or system due to the compensable industrial injury or occupational disease[.]" ORS 656.214(1)(a).

Dr. Vantilburg, who became claimant's treating physician three days after claimant's injury. Vantilburg treated claimant for her back injury over the course of several months, and then performed a closing examination in connection with the injury in July 2013. Based on that examination, Vantilburg found that claimant was medically stationary and had no impairment as a result of her workplace injury. Although Vantilburg noted a reduction in claimant's lumbar range of motion, he found that the reduction in range of motion was not related to claimant's accepted condition of lumbar strain.[2]

Based on Vantilburg's examination, SAIF issued a notice of closure of claimant's claim for the lumbar strain. The notice of closure awarded claimant no permanent partial disability benefits. Claimant requested reconsideration of the notice of closure and, in connection with the reconsideration process, was examined by a medical arbiter panel consisting of three doctors. That panel noted that claimant had a reduced range of motion in her lumbar spine and that "[s]ensation loss was apparent on today's examination." However, the panel found that claimant's workplace lumbar strain did not cause either the reduction in range of motion or sensation loss: "[W]e do not find any impairment either in lumbar range of motion or in plantar sensation to be referable to her accepted lumbar strain." Instead, the panel

---

[2] Although claimant's treating physician and the medical arbiter panel opined on the relationship between claimant's accepted lumbar strain and her reduced range of motion and sensory loss, as claimant notes on review, the proper focus in assessing whether a claimant is entitled to a permanent disability award under ORS 656.214 is on whether the claimant has a permanent impairment or work disability "resulting from the compensable industrial injury or occupational disease," and not on whether the claimant has a permanent impairment resulting from the particular conditions accepted by the employer or insurer as a result of the compensable workplace injury. *See, e.g., Brown v. SAIF*, 262 Or App 640, 647-51, 325 P3d 834, *rev allowed*, 356 Or 397 (2014) (generally differentiating between the statutory phrases "compensable injury" and "accepted condition"). However, claimant acknowledges that, under the circumstances of this case, that distinction "likely" has no bearing on the determination whether, as a factual matter, claimant's workplace injury caused her any permanent impairment. In other words, as noted, claimant accepts the board's factual findings and does not suggest that a remand is required for the board to consider the difference between claimant's "accepted condition" and her "compensable injury." For that reason, we treat claimant's workplace injury and her accepted condition as one and the same for purposes of our review: claimant's lumbar strain suffered at work in February 2013.

found that claimant's restrictions in range of motion were caused by her body habitus and spondylosis, and that her sensory loss likely was caused by her diabetes or thyroid disorder. Based on those findings, SAIF issued an order on reconsideration in which it again made no award of permanent partial disability.

Claimant requested a hearing before an administrative law judge (ALJ), challenging SAIF's denial of an award of permanent partial disability for her loss of range of motion. Following the hearing, the ALJ approved SAIF's denial of an award of disability, finding that claimant was not entitled to a disability award for loss of range of motion because the medical evidence established that claimant's loss of range of motion was "wholly unrelated" to claimant's compensable injury.

Claimant sought review before the board. The board adopted and affirmed the ALJ's order, concluding that, "where, as here, a claimant's impairment is solely due to causes unrelated to the compensable injury, a permanent impairment award is not appropriate." In so concluding, the board rejected claimant's argument that the Supreme Court's decision in *Schleiss* mandated an award of disability to claimant, notwithstanding the fact that the reduction in claimant's range of motion (and her sensory loss[3]) were not caused by her workplace injury to her back.

Before us, as before the board, claimant does not contest the board's factual finding that claimant's reduction in lumbar range in motion and her sensory loss were not caused by compensable lumbar strain. Instead, claimant argues that, notwithstanding the lack of a causal relationship between her workplace injury and those disabilities, under *Schleiss*, those disabilities were "deemed to be due to the accepted condition" as a matter of law. Whether claimant is correct on that point presents a question of law, and,

---

[3] The board noted that it was not inclined to consider claimant's claim for disability with respect to her sensory loss because claimant had not raised that issue before the ALJ. However, the board also concluded that claimant was not entitled to permanent disability for sensory loss because the "record does not establish that any impairment attributable to lost plantar sensation is due to the compensable injury."

accordingly, we review the board's order for legal error. ORS 183.482(8)(a).

The board did not err. Under the plain terms of ORS 656.214 and ORS 656.266, a claimant is entitled to an award of permanent disability benefits in connection with a compensable workplace injury only if the claimant shows that the claimant has a permanent impairment that is "due to" or "results from" the claimant's compensable workplace injury. ORS 656.214(1), (2); ORS 656.266(1) (providing that the burden "of proving the nature and extent of any disability resulting" from a compensable injury is upon the worker); *Schleiss*, 354 Or at 646-47. To make that showing, the claimant must, at a minimum, demonstrate a causal relationship between the compensable injury and the claimed impairment. As the Supreme Court observed in *Schleiss*, "[i]n defining 'impairment' in ORS 656.214(1)(a), the legislature used the term 'due to' to describe the *necessary causal relationship* between a compensable injury and the loss of use or function of a body part or system." 354 Or at 643 (emphasis added).

Here, the board determined—and claimant does not dispute—that there is *no* causal relationship between claimant's compensable injury and the reduction in her range of lumbar motion, or her sensory loss. Specifically, the board found that "the medical evidence establishes that claimant's impairment is *wholly* due to unrelated causes." (Emphasis added.) Absent any causal relationship between claimant's compensable injury and her claimed disabilities, ORS 656.214 does not authorize an award of permanent disability. *See generally* ORS 656.214(2) (providing for disability benefits "[w]hen a permanent partial disability *results from* a compensable injury" (emphasis added)).

*Schleiss* does not hold otherwise. Unlike this case, *Schleiss* was not a case in which there was no causal relationship between the claimant's compensable injury and the claimed disability. Rather, in *Schleiss*, the board found (and the insurer did not dispute) that the claimant's compensable injury *was* causally related to the claimant's loss of range of motion. *See generally Schleiss*, 354 Or at 639-42. However, the board found that other conditions also causally

contributed to the claimant's range of motion deficit, and then "apportioned" the claimant's impairment among its different causes, thereby reducing the award of disability to the claimant. *Id.* The issue for the Supreme Court was whether the board had permissibly "apportioned" the claimant's loss of range of motion to those other conditions. *Id.* at 647-48. In concluding that the board erred, the court held that the apportionment of an impairment to conditions apart from the condition or conditions accepted as a result of the claimant's compensable injury is not permissible unless those other conditions are ones that would be "legally cognizable in a combined condition claim." *Id.* at 654.

This case does not involve the issue of apportionment that the Supreme Court confronted in *Schleiss*. Here, the board did not find that claimant's compensable injury caused either her loss in range of motion or her sensory loss, but then reduce her award of disability benefits by apportioning those impairments to other contributing causes. Rather, the board simply found as a factual matter that claimant's sensory and range-of-motion loss had no causal relationship to claimant's compensable injury and, thus, were not "due to" claimant's compensable injury. Nothing in *Schleiss* suggests that ORS 656.214 requires the board to treat a claimed disability as being "due to" a compensable injury where, as here, the board has made an unchallenged factual finding that there is not a causal relationship between the compensable injury and the claimed disability.

Affirmed.