Argued and submitted January 25, affirmed June 7, petition for review denied November 2, 2023 (371 Or 511)

In the Matter of the Compensation of
Viorica Gramada, Claimant.

Viorica GRAMADA,
*Petitioner,*

*v.*

SAIF CORPORATION
and Community Vision, Inc.,
*Respondents.*

Workers' Compensation Board
2005499; A177672

532 P3d 539

Claimant petitions for review of an order of the Workers' Compensation Board (board). In that order, the board found that claimant's workplace injury to her lower back did not cause impairment to claimant and denied claimant an award of permanent partial disability benefits under ORS 656.214. A medical arbiter found loss of use or function to claimant's low back, but that claimant's accepted condition, a lumbar strain, was fully resolved and did not cause the loss of use or function. A finding of impairment requires (1) that there is a loss of use or function of the body part or system, and (2) that the loss is due to the compensable injury. *Robinette v. SAIF*, 369 Or 767, 781-82, 511 P3d 1074 (2022) (citing ORS 656.214). In claimant's view, "compensable injury" refers to the "'full measure' of impairment in the injured body part" regardless of whether the impairment is the result of the accepted condition. Respondent argues that Oregon courts have already made clear that the compensable injury is the accepted condition. *Held*: The Court of Appeals concluded that a claimant's "accepted condition" is the same as a "compensable injury" for purposes of ORS 656.214, and that a loss is "due to the compensable injury" when the accepted condition is found to be a material cause of the loss. *Johnson v. SAIF*, 369 Or 579, 603, 507 P3d 1277 (2022), and *Robinette*, 369 Or at 784. Thus, the court determined that the findings of loss of use or function in claimant's low back are not impairment under ORS 656.214, because the record shows that claimant's impairment was in no part due to the accepted condition. In sum, because the record indicates that there was no "impairment" under ORS 656.214, claimant was not entitled to permanent partial disability benefits.

Affirmed.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Office of Jodie Anne Phillips Polich, P.C.

Daniel Walker filed the brief for respondents SAIF Corporation and Community Vision Inc.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Claimant petitions for review of an order of the Workers' Compensation Board. In that order, the board found that claimant's workplace injury to her lower back did not cause impairment to claimant and denied claimant an award of permanent partial disability benefits under ORS 656.214. We review the board's legal conclusions for errors of law, ORS 183.482(8)(a); ORS 656.298(7), and affirm.

FACTS

The parties accept the findings of the board as substantially accurate. We thus state the facts consistently with the board's unchallenged factual findings. *Magana-Marquez v. SAIF*, 276 Or App 32, 33, 366 P3d 764 (2016).

The workplace injury at issue in this case occurred in March 2020, when claimant suffered sharp low back and lower abdominal pain after she helped a patient into a shower and was thereafter diagnosed with a lumbar strain. In April 2020, SAIF accepted a lumbar strain condition.[1] In August 2020, SAIF issued a notice of closure that awarded temporary disability benefits but no permanent disability benefits for the March 2020 workplace injury.

Soon after, SAIF issued an order on reconsideration affirming the notice of closure. SAIF based its decision on a medical arbiter's report. The medical arbiter had stated that "[z]ero percent of the findings [lumbar] are due to the resolved accepted condition" and "[o]ne hundred percent of the findings are due to the preexisting conditions documented on her lumbar imaging studies." The medical arbiter asserted that "[t]he accepted condition is lumbar strain which has resolved and is no longer present. Findings obtained on my exam are not valid for a condition that has resolved. The findings I reported are valid for degenerative conditions, present on her multiple imaging studies."

_____

[1] A July 2020 "Updated Notice of Acceptance at Closure" identified the accepted condition for claimant's March 9, 2020, injury as "lumbar strain." The notice made clear that "[t]he accepted condition(s) does not include a combined condition unless specifically indicated in this updated notice of acceptance." The notice further made clear that it "restate[d] and include[d] all prior acceptances. The conditions that were the basis of this claim opening were the only conditions considered at the time of claim closure."

Claimant sought review, asserting that she was entitled to a permanent impairment award.

Relying on the medical arbiter's findings, an administrative law judge (ALJ) affirmed the reconsideration order because "[t]he evidence establishes that none of claimant's disability or need for treatment for the low back condition is related to claimant's injury." Soon after, the board adopted and affirmed the ALJ's order. The board concluded that because the medical arbiter's findings did not support a conclusion that "impairment was caused, in any part, by the compensable injury," and the reconsideration order based its determination on the medical arbiter's findings, there was no error in the reconsideration process.

On appeal, claimant challenges the board's determinations.

## DISCUSSION

The question in this case is whether claimant is entitled to a permanent partial disability award under ORS 656.214. ORS 656.214 states, in relevant part,

"(2)   When permanent partial disability results from a compensable injury or occupational disease, benefits shall be awarded as follows:

"(a)   If the worker has been released to regular work by the [authorized attending medical professional] or has returned to regular work at the job held at the time of injury, the award shall be for impairment only. Impairment shall be determined in accordance with the standards provided by the Director of the Department of Consumer and Business Services pursuant to ORS 656.726(4). * * *

"(b)   If the worker has not been released to regular work by the [authorized attending medical professional] or has not returned to regular work at the job held at the time of injury, the award shall be for impairment and work disability."

"Impairment" is defined as "the loss of use or function of a body part or system due to the compensable industrial injury or occupational disease determined in accordance with the standards provided under ORS 656.726, expressed as a percentage of the whole person." ORS 656.214(1)(a).

"A 'compensable injury' is an accidental injury *** arising out of and in the course of employment requiring medical services or resulting in disability or death." ORS 656.005 (7)(a).[2] "'Loss' includes permanent and complete or partial loss of use." ORS 656.214(1)(b).

Claimant asserts that she is entitled to a permanent partial disability award under ORS 656.214 because she suffered a "compensable injury" in the accident at work in March 2020, notwithstanding the undisputed evidence that the specific condition that SAIF accepted—lumbar strain that resulted from that workplace accident—had fully resolved and in no part contributed to loss of use or function in her back. In claimant's view, "compensable injury," ORS 656.214, refers to more than just the accepted condition; rather, she argues, it refers to the "'full measure' of impairment in the injured body part" regardless of whether the impairment is the result of the accepted condition. Respondent, on the other hand, argues that Oregon courts have already made clear that the compensable injury is the accepted condition.

Resolution of this issue requires us to determine whether a claimant's "accepted condition" is the same as a "compensable injury." ORS 656.262(6)(b) (requiring insurers to issue a notice of acceptance that specifies which conditions are compensable); ORS 656.214(2) (requiring benefits to be awarded when a permanent partial disability results from a "compensable injury"). Although no Oregon appellate decision has expressly decided that question, the Supreme Court has nevertheless decided several cases that, when knitted together, lead us to the conclusion that a claimant's accepted condition is their compensable injury for purposes of ORS 656.214. We thus turn to those cases.

_____

[2] "Injury" is not defined by statute and has been interpreted differently in different contexts in the workers' compensation statutory scheme. *See Brown v. SAIF*, 361 Or 241, 254, 391 P3d 773 (2017) (explaining that the term "injury" may plausibly refer either "to an incident that causes or results in harm, or it can refer to the harm itself," and explaining that "[u]nder the circumstances, the resolution of the dispute in this case will not turn on whether an interpretation of one provision is inconsistent with another in the workers' compensation statutes. Regardless of what we say about the statutes at issue in this case, doubtless at least one provision could be cited that arguably contradicts that interpretation in one way or another.").

We begin with *Garcia-Solis v. Farmers Ins. Co.*, 365 Or 26, 441 P3d 573 (2019). There, the Supreme Court, interpreting the meaning of "compensable injury" for purposes of ORS 656.245, explained that the statutory definition of "compensable injury" under ORS 656.005(7)(a) means medical conditions, as opposed to the workplace accident as a whole. The court explained that while its prior decisions were not clear as to whether "compensable injury" refers only to *accepted* medical conditions, previous opinions "contain several broad assertions that 'compensable injury' means 'accepted conditions.'" *Garcia-Solis*, 365 Or at 34-35; *see also Brown v. SAIF*, 361 Or 241, 255-72, 391 P3d 773 (2017) (reviewing text, context, and legislative history to conclude that "injury" means a medical condition, not an accident). Although the court interpreted "compensable injury" for purposes of ORS 656.245, not ORS 656.214, the court's discussion of compensable injury being synonymous with accepted conditions for purposes of ORS 656.005(7)(a) is instructive.

Even more to the point are two more recent decisions, *Johnson v. SAIF*, 369 Or 579, 507 P3d 1277 (2022), and *Robinette v. SAIF*, 369 Or 767, 511 P3d 1074 (2022). In *Johnson*, the Supreme Court addressed the meaning of the word "impairment" "within the context of the workers' compensation statutory scheme and whether a claimant is entitled to compensation for the full measure of impairment where it is caused in material part, but not solely, by a compensable injury." 369 Or at 581. The *Johnson* claimant's loss of grip strength was determined "to be caused in material part by an accepted, compensable condition and, in part, by a denied condition." *Id.* The *Johnson* court agreed with the claimant that ORS 656.214 "entitles an injured worker to compensation for all of the impairment due in material part to, and resulting in material part from, the compensable injury." *Id.* at 603. "[B]ecause the compensable injury was found to be a material cause of [the] claimant's impairment," the claimant was entitled to "the full value of her total impairment, including the portion of her loss of grip strength that may have been attributed to the denied conditions." *Id.*

In reaching that conclusion, the court noted the "basic, underlying rule" that "when an *accepted, compensable injury* is a material contributing cause of the claimant's impairment, then the claimant is entitled to the full measure of compensation for that impairment." *Johnson*, 369 Or at 597 (citing *Barrett v. D & H Drywall*, 300 Or 553, 555-56, 715 P2d 90 (1986) (*Barrett II*) and *Schleiss v. SAIF*, 354 Or 637, 651, 317 P3d 244 (2013) (emphasis added)).[3] That basic rule holds unless some exception or limitation applies, such as a combined condition. *Id.* (citing ORS 656.268(1)(b)). But "when no combined condition exists, the general rule that a claimant is entitled to the full measure of impairment where the *accepted condition* is a material contributing cause of the disability applies." *Johnson*, 369 Or at 599 (emphasis added).

*Robinette* further guides our understanding of the meaning of "compensable injury" and whether that term equates with accepted condition. The claimant in *Robinette* was found to have multiple types of loss of use or function of the right knee. The dispute on review involved two findings of loss of use or function that were "determined to be entirely related to causes other than claimant's compensable workplace injury." *Robinette*, 369 Or at 769. The board had determined that because those two findings were attributed entirely to non-work-related causes, the permanent partial disability award would not include any value for impairment related to those findings. *Id.* at 772-73.

The *Robinette* claimant sought judicial review, arguing that "she was entitled to an award accounting for the full measure of impairment in her right knee *** because her compensable work injury was a material contributing

---

[3] Claimant describes *Schleiss* as "the anchoring case which specifically discussed that impairment must be 'due to' the compensable injury and that apportionment can occur only when there is a legally cognizable preexisting condition." *Schleiss* predates *Robinette* and *Johnson*. In addition, *Schleiss* does not contradict our holding today; in fact, in *Schleiss*, the court uses the terms "condition" and "injury" interchangeably, lending support to our conclusion. The *Schleiss* court explained that "[t]he claimant has the burden to establish the nature and extent of any impairment that is due to the compensable *condition*[,]" citing to ORS 656.266(1), which states, in relevant part, that "[t]he burden of proving that an *injury* *** is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker." 354 Or at 646-47 (emphases added).

cause of her impairment as a whole." *Id.* at 773. The Supreme Court began by explaining that resolution of the dispute "center[ed] around the word impairment" as used in ORS 656.214 and "whether the calculation of permanent partial disability is intended to encompass findings of loss that are entirely unrelated to the accepted, compensable injury." *Id.* at 775. The court recognized that at first glance, prior cases appeared to support the claimant's position, explaining that "[w]ithout a combined condition, [the] claimant is correct that she is entitled to the full measure of her impairment that is due, in material part, to the compensable injury." *Id.* at 780.

The court acknowledged that "[t]he general rule underlying all workers' compensation claims is that a worker is entitled to compensation for impairment that is caused in material part by the compensable injury, even if that impairment is heightened—or different—because of a worker's individual circumstances prior to the injury." *Robinette*, 369 Or at 777 (citing *Barrett v. D & H Drywall*, 300 Or 325, 709 P2d 1083 (1985) (*Barrett I*), *adh'd to on recons*, 300 Or 553, 715 P2d 90 (1986) (*Barrett II*)). In addition, the court stated that "in circumstances where the combined condition framework is not applicable, we have continually confirmed that the general rule remains: Where an accepted, compensable injury is a *material contributing cause* of the claimant's impairment, then the claimant is entitled to the full measure of compensation for that impairment." *Id.* at 779 (citing *Johnson*, 369 Or at 595 (emphasis in *Robinette*)).

However, the court explained, a key fact set the claimant in *Robinette* apart from the claimant in *Johnson*: "based on the evidence in the record and the ALJ's findings, no part of the claimant's [loss of use or function findings in dispute] could be attributed to the accepted condition." *Robinette*, 369 Or at 781. The court continued, "To qualify as 'impairment,' such that a claimant is entitled to a value for that loss as part of their permanent partial disability award, there are two requirements: (1) that there is a loss of use or function of the body part or system, and (2) that that loss is 'due to the compensable injury.'" *Id.* at 781-82 (quoting ORS 656.214).

The court concluded, "Because each finding of loss of use or function is to be considered separately, and because the workplace injury was not a material contributing cause of [the disputed findings of loss], claimant was not entitled to a value for those findings in her award for permanent partial disability." *Id.* at 784. Notably, as in *Johnson*, the court in *Robinette* used the terms "accepted condition" and "compensable injury" interchangeably. *See Robinette*, 369 Or at 781 ("[B]ased on the evidence in the record and the ALJ's findings, no part of the claimant's [loss of use or function findings in dispute] could be attributed to the *accepted condition*." (Emphasis added.)); *id.* at 781-82 (explaining that to qualify as impairment, the loss of use or function of the body part or system must be "due to the *compensable injury*" (emphasis added; internal quotation marks omitted)).

From that constellation of cases, we understand the following. A finding of impairment requires (1) that there is a loss of use or function of the body part or system, and (2) that the loss is due to the compensable injury. *Robinette*, 369 Or at 781-82 (citing ORS 656.214). Each loss of use or function is to be considered separately, and a loss is "due to the compensable injury" when the accepted condition is found to be a material cause of the loss. *Johnson*, 369 Or at 603; *Robinette*, 369 Or at 784.[4]

In this case, claimant's compensable injury for purposes of ORS 656.214 was her accepted lumbar strain. It follows that the arbiter's findings of loss of use or function in claimant's low back are not impairment under ORS 656.214,

---

[4] Further, at claim closure, "[c]onditions that are direct medical sequelae to the original accepted condition shall be included in rating permanent disability of the claim unless they have been specifically denied." ORS 656.268(15). In addition, if an injured worker believes that a condition has been incorrectly omitted from the notice of acceptance, the worker can notify the insurer of their objections to the notice in writing pursuant to ORS 656.267. ORS 656.262(6)(d). "If there are disputes about the compensability of conditions not specifically identified in the updated notice of acceptance [at closure], the legislature has specified that those disputes are not to delay timely closure but, rather, '[i]f a condition is found compensable after claim closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition.'" *Simi v. LTI Inc. - Lynden Inc.*, 368 Or 330, 339, 491 P3d 33 (2021) (quoting ORS 656.262(7)(c)). Such provisions would be unnecessary if "compensable injury" referred to the full measure of loss of use or function of a body part or system that had not been excluded via the combined condition process.

because the record shows that the lumbar strain was not a material contributing cause of the claimant's impairment—claimant's impairment was in no part due to the lumbar strain. *Robinette*, 369 Or at 784. The court therefore did not err in not awarding permanent partial disability.

To be sure, if the medical arbiter had found that claimant's lumbar strain was in material part a cause of loss of use or function to her low back, then the question would be whether claimant was entitled to "the full measure of compensation for that impairment, not just the percentage of impairment caused solely by the compensable injury." *Johnson*, 369 Or at 595. But that did not occur in this case. While claimant has met the first requirement for impairment for purposes of ORS 656.214, that "there is a loss of use or function of the body part or system," the medical arbiter's findings established that the loss of use or function was in no part "due to the compensable injury," as required under the second prong. *Robinette*, 369 Or at 781-82 (citing ORS 656.214); OAR 436-035-0006(1); OAR 436-035-0007(1)(b)(C). As such, the board did not err in finding that claimant had not proven entitlement to an award of permanent partial disability to her low back.

Claimant argues that once her claim for lumbar strain was accepted, she had established a compensable injury under ORS 656.005(7)(a) and the burden shifted to SAIF to "identify preclosure what other conditions [were] contributing to impairment or disability in the injured body part by accepting and denying a 'combined condition' under ORS 656.268(1)(b)." She asserts that by failing to process her injury as a combined condition, SAIF "failed to avail itself of the [only] means by which it may apportion or limit payment of impairment[.]" We reject that argument because there is nothing to apportion. None of use or function in claimant's low back was attributed to the fully resolved lumbar strain.

In sum, because the record indicates that there was no "impairment" under ORS 656.214, claimant was not entitled to permanent partial disability benefits.

Affirmed.