664 May 22, 2024 No. 334

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Svetlana Artunyan, Claimant.

Svetlana ARTUNYAN,
*Petitioner,*

*v.*

SAIF CORPORATION and
Salem Area Mass Transit District,
*Respondents.*

Workers' Compensation Board
2100988; A178187

Argued and submitted April 22, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Daniel Walker argued the cause and filed the brief for respondents.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Claimant seeks review of a Workers' Compensation Board Order that denied their request for an award of permanent impairment.[1] Claimant argues that the board erred in denying any award of permanent impairment and contends that the board, under the circumstances presented here, was required to issue an award. Because claimant's identical argument was recently rejected by our court in a similar case, we affirm.

We state only the relevant and undisputed facts necessary to give context to our opinion. Claimant, a bus driver, suffered a work-related injury when they tripped and fell on a curb. Respondent SAIF Corporation accepted a left ankle contusion and neck, thoracic, low back, and right shoulder strains. A notice of closure was issued that awarded only temporary disability benefits. Claimant sought a permanent impairment award. To prove that impairment, claimant must show that their loss of use or function in a body part was "due to the compensable industrial injury or occupational disease." ORS 656.214(1)(a). A medical arbiter found that claimant's impairments (decreased range of motion in the relevant body parts) were not due to "the accepted conditions or their direct medical sequelae," were "wholly unrelated to the accepted conditions," and were attributable solely to other unrelated factors. The board then concluded, based on those findings, that claimant's impairment was not caused, in any part, by their compensable injuries.

Claimant argues that the board erred because, under the compensation statutes, claimant only has the burden of proof to establish the compensability of a work injury or condition once at the outset of the claim. They argue that once compensability is established, "the question of permanent disability is not a question of entitlement, but one of measurement," unless the employer, before closure of the claim, accepts and then denies a combined condition claim. We have recently and expressly rejected that exact argument:

"Claimant argues that once her claim for lumbar strain was accepted, she had established a compensable injury

---

[1] Claimant uses they/them pronouns.

under ORS 656.005(7)(a) and the burden shifted to SAIF to 'identify preclosure what other conditions [were] contributing to impairment or disability in the injured body part by accepting and denying a "combined condition" under ORS 656.268(1)(b).' She asserts that by failing to process her injury as a combined condition, SAIF 'failed to avail itself of the [only] means by which it may apportion or limit payment of impairment[.]' We reject that argument because there is nothing to apportion. None of [the loss of] use or function in claimant's low back was attributed to the fully resolved lumbar strain."

*Gramada v. SAIF*, 326 Or App 276, 285, 532 P3d 539, *rev den*, 371 Or 511 (2023). We reject that argument again here. There was nothing to apportion because, based on the undisputed evidence, none of claimant's impairment was attributed to the resolved compensable injuries.

Affirmed.