No. 714 October 9, 2024 407

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Svetlana Artunyan, Claimant.

Svetlana ARTUNYAN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Salem Area Mass Transit District,
*Respondents.*

Workers' Compensation Board
2201224
A181792

Argued and submitted August 14, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Daniel Walker argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board upholding employer Salem Area Mass Transit District's notice of closure, which did not award claimant benefits for impairment caused by loss of range of motion. We review the board's order under ORS 183.482 (8)(a); ORS 656.298(7), conclude that the board did not err, and therefore affirm.

Claimant injured her right shoulder when she fell at work. SAIF, on behalf of employer, accepted a claim for a right rotator cuff tear. Claimant underwent surgery to repair the rotator cuff. When claimant was medically stationery, SAIF issued a notice of closure awarding temporary partial disability benefit and five percent whole person impairment for the right shoulder, which was a value for the right shoulder surgery. Claimant requested reconsideration.

A medical arbiter determined that claimant's rotator cuff injury had fully healed without permanent impairment, but that claimant had a loss of range of motion caused entirely by a prior shoulder injury. Relying on that report, the appellate review unit upheld employer's notice of closure, which had awarded claimant benefits for her surgery but not for impairment due to the loss of range of motion. Claimant requested a hearing.

The board adopted an order of an administrative law judge (ALJ) upholding the notice of closure. In affirming the ALJ, the board found, based on the medical evidence, that claimant's loss of range of motion impairment was not caused in any part by claimant's compensable injury. Additionally, the board found that there was no evidence that the loss of range of motion impairment was due to a combining of the preexisting condition and the compensable injury or to a worsening of claimant's preexisting condition. The board's findings are supported by substantial evidence in the record.

Claimant contended that, because her total impairment is caused in material part by the compensable injury, she is entitled to be compensated for the full measure of her impairment, including the loss of range of motion. The board rejected the contention, concluding, citing the Supreme

Court's opinion in *Robinette v. SAIF*, 369 Or 767, 781-82, 511 P3d 1074 (2022), that each component of impairment must be assessed to determine whether it is caused in material part by the compensable injury. The board concluded based on that analysis and that claimant was not entitled to compensation for the loss of range of motion.

We agree with the board's conclusion. In *Robinette*, the court said:

> "To qualify as 'impairment,' such that a claimant is entitled to a value for that loss as part of their permanent partial disability award, there are two requirements: (1) that there is a loss of use or function of the body part or system, and (2) that that loss is 'due to the compensable injury.' ORS 656.214. Under that definition, a result of an injury may be a loss of use or function to an injured worker's body part, but that does not mean that all loss of use or function of the body part will qualify as impairment for purposes of calculating permanent partial disability because 'impairment' only includes loss of use or function that is 'due to the compensable injury.'"

369 Or at 781-82. In reaching its conclusion that the claimant's impairment was not compensable, the court in *Robinette* considered each particular impairment in determining whether that particular impairment was caused in material part by the compensable injury. *Id.* at 782 ("Review of the medical arbiter's determination and the record makes clear that claimant's reduced range of motion and decreased stability in her right knee was not caused in material part, or in any part, by the compensable injury."). We followed that analysis in our recent opinion in *Gramada v. SAIF*, 326 Or App 276, 284, 532 P3d 539, *rev den*, 731 Or 511 (2023) ("Each loss of use or function is to be considered separately, and a loss is 'due to the compensable injury' when the accepted condition is found to be a material cause of the loss."). Here, substantial evidence supports the board's finding that claimant's particular impairment due to loss of range of motion is not caused in material part by her compensable injury. For that reason, we conclude that the board did not err in upholding the notice of closure.

Affirmed.