No. 839          November 20, 2024          349

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Gilbert E. Vilca-Inga, Claimant.

Gilbert E. VILCA-INGA,
*Petitioner,*

*v.*

SAIF CORPORATION
and Roses Cattle Company,
*Respondents.*

Workers' Compensation Board
2104357;
A180050

Argued and submitted May 13, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was the Law Offices of Jodie Anne Phillips Polich, P. C.

Daniel Walker argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Claimant seeks judicial review of a Workers' Compensation Board (board) order on review affirming an order of the administrative law judge (ALJ). In a single assignment of error, claimant argues that the board erred when it determined that he was not entitled to work disability or an additional impairment award. We affirm.

"We review an agency's order in a contested case for errors of law, ORS 183.482(8)(a), substantial evidence, ORS 183.482(8)(c), and substantial reason[.]" *Dorn v. Teacher Standards and Practices Comm.*, 316 Or App 241, 243, 504 P3d 44 (2021). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Because "[t]he parties accept the findings of the board as substantially accurate," we "state the facts consistently with the board's unchallenged factual findings." *Gramada v. SAIF*, 326 Or App 276, 278, 532 P3d 539, *rev den*, 371 Or 511 (2023).

Claimant was employed as a sheep herder. In May 2020, claimant was working and drove an ATV into a tree. Employer's insurer accepted a claim for a concussion. After claimant's attending physician indicated that it was "medically probable that the concussion is medically stationary and resolved with no sequela and no material contribution to ongoing treatment needs, work limitations, or any findings of impairment," the insurer closed the claim.

Claimant requested reconsideration and was referred to Dr. Chester for a neuropsychological evaluation. Dr. Chester was instructed to "perform a complete examination of [claimant's] brain/head and [to] describe any objective findings of permanent impairment resulting from" claimant's concussion. However, Dr. Chester performed only "an abbreviated neuropsychological evaluation" because claimant "was not providing adequate effort for valid findings on tests of cognitive performance." Thus, Dr. Chester suspended testing "to preserve the novelty and the security of the test instruments" and noted that the "data suggest that [claimant] was likely deliberately attempting to feign greater cognitive impairment." In the section of the report

for describing "any valid impairment findings * * * due to the accepted condition(s)," Dr. Chester wrote "N/A." Dr. Harris reviewed the evaluation, concurred with Dr. Chester's "opinions and findings," and stated that claimant had "'No Classification' with regards to brain injuries and brain impairment."

In September 2021, the Workers' Compensation Division determined that claimant "has not met his burden of proof by establishing that he has valid objective range of motion loss as a result of the compensable injury. Therefore, no value is warranted under OAR 436-035-0390 for cranial nerve or brain injury impairment." The ALJ agreed, and the board adopted and affirmed the ALJ's order. Claimant sought judicial review.

*Work disability.* Claimant argues that the board erred when it did not award him work disability. Specifically, claimant points to the fact that he uses a cane and to his attending physician's chart notes that stated that he presented a "high fall risk." As a consequence, claimant argues that he "is unable to return to his work as a sheep herder" and is entitled to a work disability award. We disagree with claimant's argument.

A worker who "has been released to regular work by the attending physician" is not entitled to a work disability award and "the award shall be for impairment only." ORS 656.214(2)(a); ORS 656.726(4)(f)(E) (providing that "if the worker has been released to regular work by the attending physician," then "only impairment benefits shall be awarded under ORS 656.214").

We conclude that the record permits a reasonable person to find that claimant's attending physician had "released claimant to regular work." *See SAIF v. Owens*, 247 Or App 402, 405, 411, 270 P3d 343 (2011), *adh'd to as clarified on recons*, 248 Or App 746, 273 P3d 376, *rev den*, 352 Or 170 (2012) (concluding that substantial evidence supported the board's finding that the claimant's attending physician had not released him to work). Although the physician's chart notes indicated that claimant posed a "high fall risk," that was not the only evidence in the record. For example, one

of claimant's independent medical examinations indicated that claimant "should be capable of returning to his regular work with respect to the work injury condition." Claimant's attending physician concurred and indicated that it was "medically probable that the concussion is medically stationary and resolved with no sequela and no material contribution to ongoing treatment needs, work limitations or any findings of impairment." Thus, we conclude that substantial evidence supports the board's finding that claimant's attending physician had released him to regular work and that the board did not err when it determined that claimant was not entitled to work disability. *See Elsea v. Liberty Mutual Ins.*, 277 Or App 475, 484, 371 P3d 1279 (2016) ("If the board's finding is reasonable in the light of countervailing as well as supporting evidence, then the finding is supported by substantial evidence."); ORS 656.214(2)(a) ("If the worker has been released to regular work by the attending physician *** the award shall be for impairment only.").[1]

*Impairment.* Claimant further argues that "the [b]oard's conclusion that invalid cognitive testing disqualifies [him] for an award of impairment under OAR 436-035-0390 is incorrect as a matter of law."[2] Although claimant "does not dispute that the cognitive examination component assessing his residuals was invalid," he argues instead that Dr. Chester's "observations regarding [his] residuals as due to his compensable injury are valid for purposes of rating his impairment under OAR 436-035-0390."

We conclude that the board did not err. The board relied on OAR 436-035-0007(11) in determining that

─────────

[1] We reject claimant's argument that "[t]here is no medical opinion in the record indicating that [claimant's] use of his cane for ambulation is related to any other medical condition and no incident other than his compensable injury" because claimant bears the burden of proving that his injury is compensable. *See* ORS 656.266(1) ("The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred.").

[2] OAR 436-035-0390(10)(a) provides that "[t]he existence and severity of the claimed residuals and impairments must be objectively determined by observation or examination or a preponderance of evidence, and must be within the range reasonably considered to be possible, given the nature of the original injury, based upon a preponderance of medical opinion."

claimant was not entitled to an impairment award. That rule provides that "findings of impairment that are determined to be ratable under these rules are rated *unless the physician determines the findings are invalid*. When findings are determined invalid, the findings receive a value of zero." *Id.* (emphasis added). As noted above, claimant does not dispute that Dr. Chester found no "valid impairment findings" due to claimant's concussion. Moreover, Dr. Harris concurred with Dr. Chester's "opinions and findings." Thus, the board did not err when it determined that those invalid findings did not entitle claimant to an impairment award. *See id.* ("[F]indings of impairment that are determined to be ratable under these rules are rated unless the physician determines the findings are invalid.").

Affirmed.